## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERATION FOR AMERICAN | ) | |
| IMMIGRATION REFORM, | ) | |
| 25 Massachusetts Ave. NW, Suite 330, | ) | |
| Washington, D.C. 20001, | ) | Civil Action No. 18-216 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Ave. NW, | ) | |
| Washington D.C. 20530, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action

against the U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff FAIR ("Plaintiff") is a non-profit educational foundation organized

under the laws of the District of Columbia and having its principal place of business at 25

Massachusetts Ave, NW, Suite 330, Washington, DC  20001. Plaintiff seeks to educate the

citizenry on and increase public awareness of immigration issues, and hold the nation's leaders

accountable for enforcing the nation's immigration laws. In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and

offices, and disseminates its findings to the public.

4.      Defendant DOJ is an agency of the U.S. Government and is headquartered at 950

Pennsylvania Ave, NW, Washington DC. DOJ has possession, custody, and control of certain

public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On January 31, 2017, Plaintiff submitted a FOIA request ("the January 31, 2017,

FOIA request"), by email, to DOJ, specifically to DOJ's Office of Information Policy, seeking

access to the following public records:

1.  Any and all email communications to and from Ms. Sally Yates, in her previous
    capacity as Deputy Attorney General and Acting Attorney General time-marked
    January 1 to January 31, 2017.

6.      Plaintiff received an acknowledgement email from DOJ on January 31, 2017,

assigning the January 31, 2017, FOIA request the tracking number DOJ-2017-001986.

7.      On March 3, 2017, Plaintiff agreed to limit the scope of the requested emails to

those that contain the terms "Trump," "Muslim ban," "Muslim registry," or "13769." The term

"Trump" was limited to the context of the name, Donald Trump, and the term "13769" was

limited to the context of Executive Order 13769.

8.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOJ was required to determine whether to

comply with Plaintiff's FOIA request within twenty (20) working days after receipt of each

request and to notify Plaintiff immediately of its determination, the reasons therefor, and the

right to appeal any adverse determination. Accordingly, DOJ's determination of Plaintiff's

January 31, 2017, FOIA request was due by March 1, 2017, at the latest.

9.     On February 23, 2017, Plaintiff submitted another FOIA request ("the February

23, 2017, FOIA request"), by email, to DOJ, specifically to DOJ's Office of Information Policy,

seeking access to the following public records:

> 1. Any and all records of communications, including but not limited to emails,
> between any employees or representatives of the American Civil Liberties Union
> (any and all chapters) or the National Immigration Law Center and Ms. Sally
> Yates from November 1, 2016, to January 31st, 2017.

10.     Plaintiff received an acknowledgement letter from DOJ's Office of Information

Policy dated March 23, 2017, stating that the February 23, 2017 FOIA request was received on

February 23, 2017, and assigning the request the tracking number DOJ-2017-002495.

11.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOJ was required to determine whether to

comply with Plaintiff's February 23, 2017, FOIA request within twenty (20) working days after

receipt of the request and to notify Plaintiff immediately of its determination, the reasons

therefor, and the right to appeal any adverse determination. Accordingly, DOJ's determination of

the February 23, 2017, FOIA request was due by March 23, 2017, at the latest.

12.     As of the date of this Complaint, DOJ has failed to: (i) determine whether to

comply with Plaintiff's January 31, 2017, FOIA request and Plaintiff's February 23, 2017, FOIA

request; (ii) notify Plaintiff of any such determinations or the reasons for such determinations;

(iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the

requested records or otherwise demonstrate that the requested records are exempt from

production.

13.     Because DOJ has failed to comply with the time limit set forth in 5 U.S.C. §

552(a)(6)(A) with respect to the January 31, 2017, FOIA request and the February 23, 2017,

FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with

respect to both requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

14.     Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15.     Defendant is unlawfully withholding public records requested by Plaintiff

pursuant to 5 U.S.C. § 552.

16.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful

withholding of the requested public records, and Plaintiff will continue to be irreparably harmed

unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to

conduct a search for any and all records responsive to Plaintiff's January 31, 2017, FOIA request

and February 23, 2017, FOIA request, and demonstrate that it employed search methods

reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2)

order Defendant to produce, by a date certain, any and all non-exempt records responsive to

Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld under claim of

exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records

responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other

litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5)

grant Plaintiff such other relief as the Court deems just and proper.

Dated:  January 31, 2018                              Respectfully submitted,


                                                      /s/ Julie B. Axelrod
                                                      D.C. Bar No. 1001557
                                                      Immigration Reform Law Institute
                                                      25 Massachusetts Ave. NW, Suite 335
                                                      Washington DC, 20001
                                                      Telephone: 202-232-5590
                                                      FAX (202) 464-3590
                                                      Email: jaxelrod@irli.org